MOORE, Appellee,

v.

MOORE, Appellant.

[Cite as *Moore v. Moore,* 166 Ohio App.3d 429, 2006-Ohio-1431.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21022.

Decided March 24, 2006.

Robert L. Mues and R. Anne Shale, for appellee.

Dean E. Hines, for appellant.

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of Jeffrey A. Moore, filed April 13, 2005. Mr. Moore and his ex-wife, Sherrie Moore, obtained a final judgment and decree of divorce on June 23, 2003. Mr. Moore received custody of the parties' four children, one of whom is emancipated. The court ordered Mr. Moore to pay spousal support in the amount of $2,000 a month for 60 months, beginning on March 1, 2003. The court retained jurisdiction to modify support, providing that "Husband's retirement may be considered a change of circumstances upon which spousal support could be modified in the future," but Mr. Moore could not seek a reduction in spousal support based upon an increase

in wife's income unless Ms. Moore earned in excess of $18,000 a year from employment. The court did not order Ms. Moore to pay child support because of her lack of work history, noting that Ms. Moore had just begun a job at Stein Mart, earning $5.35 an hour. Ms. Moore now receives, in addition to spousal support from Mr. Moore, 35 percent of his military retirement benefits. The final decree dictated that Mr. Moore could not seek to modify child support unless Ms. Moore earned in excess of $18,000 a year from sources exclusive of spousal support.

{¶ 2} On March 23, 2004, Mr. Moore filed a motion to terminate or reduce spousal support, a request that the court establish a child-support obligation, and a request for a hearing. In June 2004, Stein Mart terminated Ms. Moore's employment. At the time of her termination, she was making $10.75 an hour, or $22,360 a year. On July 20, 2004, Ms. Moore filed a motion to increase spousal support. The magistrate held a hearing on August 6, 2004, and refused to modify Mr. Moore's spousal-support obligation or impose a child-support obligation upon Ms. Moore. The magistrate determined that Ms. Moore had not intentionally lost her job. The magistrate found that Ms. Moore suffered from anxiety attacks and other physical ailments that prevented her from performing her job functions.

{¶ 3} The trial court adopted the magistrate's decision on March 25, 2005, and overruled Mr. Moore's objections thereto. The trial court also denied Ms. Moore's motion for increased spousal support. The trial court made the following finding of fact: "At the time of the August 6, 2004 hearing, defendant had retired from the Air Force and had recently gained employment in the defense aerospace industry. Defendant is currently receiving $5,454 per month in Air Force retirement. That amount is reduced by $104 per month for the cost of a survivor benefit plan. Additionally, pursuant to the terms of the decree, plaintiff receives approximately 35 percent of his retirement benefit. In addition to defendant's retirement income, his position in defense aerospace industry, he receives $92,000 annual [sic]."

{¶ 4} Mr. Moore's first assignment of error is as follows:

{¶ 5} "The trial court erred and abused its discretion by failing to find that plaintiff/appellee was not voluntarily unemployed and by refusing to impute income to her resulting in a termination or reduction in spousal support."

{¶ 6} Mr. Moore contends that Ms. Moore took deliberate steps to have herself terminated from Stein Mart. He relies on Ms. Moore's supervisors' testimony that Ms. Moore's performance at Stein Mart was initially excellent and began to deteriorate only after Mr. Moore filed his motion to modify spousal support. Mr. Moore argues that "[i]t is inappropriate for the trial court to take

into account any 'suspected' or 'presumed' medical or psychological condition of Ms. Moore when no expert testimony was provided concerning this matter at hearing."

{¶ 7} "The trial courts are granted broad discretion concerning awards of spousal support. Their orders will not be disturbed on appeal absent an abuse of that discretion." *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 706, 676 N.E.2d 1249. "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id.

{¶ 8} We agree with the trial court's determination that Ms. Moore is not voluntarily unemployed. The magistrate had presided over several hearings with Ms. Moore, knew her history, and found her testimony credible on the subject of her termination. Ms. Moore testified that on April 29, 2004, she was hospitalized after suffering "intense pain on [her] lower extremities" that prompted her to call 911. Ms. Moore stated that she was diagnosed with an extreme anxiety attack. Mr. Moore repeatedly brought Ms. Moore's mental-health history to the court's attention during the pendency of the parties' divorce, citing her "severe psychological difficulties," "a suicide attempt" and "her hospitalization at the Psychiatric Unit at Kettering Memorial Hospital." The parties' final judgment and decree of divorce contains language that addresses "mother's mental health stability" and the need for ongoing treatment and medications.

{¶ 9} Mr. Moore also asserts that income should have been imputed to Ms. Moore as a result of her receipt of retirement income. We agree. The trial court should have calculated the increase in Ms. Moore's income due to her receipt of 35 percent of Mr. Moore's retirement pay. In affirming the magistrate's decision, the trial court merely noted Ms. Moore's additional retirement income, income that she was not receiving at the time of the final decree. R.C. 3105.18(E) denies jurisdiction to modify a spousal-support order entered in a divorce decree "unless the court determines that the circumstances of either party have changed and * * * the decree contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support." "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F) "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider * * * (a) The income of the parties from all sources." R.C. 3105.18(C)(1)(a).

{¶ 10} While the trial court did not go on to find exactly what dollar amount Ms. Moore receives as her share of Mr. Moore's military retirement, a calculation based on the finding the court made yields the following result:

$ 5,454.00   Gross Retirement
- 104.00   Deduction

$ 5,350.00   Net Retirement
x 0.35   Ms. Moore's share

$ 1,872.50 per month
or
$22,470.00 per year

{¶ 11} When the decree of divorce was granted on June 23, 2003, Mr. Moore's $2,000 monthly spousal obligation was ordered to be paid through his military salary. In the proceedings before the magistrate on August 6, 2004, Mr. Moore's attorney represented that because the military refused to withhold more than 60 percent from Mr. Moore's now reduced retirement pay for both his monthly spousal-support obligation and Ms. Moore's 35 percent share, Ms. Moore did not receive the full 35 percent to which she was entitled. A statement that was submitted to the court but not marked as an exhibit reveals that for the month of June 2004, Ms. Moore received only $535.51 from Mr. Moore's retirement pay. Counsel for Mr. Moore proposed that Mr. Moore's monthly postretirement spousal-support obligation of $2,040 be paid instead through his $92,000 annual income from his new employer, Ball Aerospace, "and the retirement will take care of itself." It appears that the trial court adopted this agreement. On November 2, 2004, the court ordered the monthly spousal-support deduction from Mr. Moore's military retirement pay terminated, and it entered and sent to Ball Aerospace a notice to withhold $2,040 per month from Mr. Moore's salary and to remit the amount to Ohio Child Support Payment Central, in Columbus.

{¶ 12} We hold that the trial court erred when it overruled Mr. Moore's motion to reduce his spousal-support obligation, which the court had imposed in the divorce decree. The source of the error is the spousal-support order in the 2003 divorce decree, from which no appeal was taken. The error the court there committed would be beyond our review here except that as applied in the later order from which this appeal was taken, the error denies Mr. Moore relief to which he may be currently entitled. The error in the decree's application is therefore preserved for our review.

{¶ 13} Ms. Moore now receives $22,470 each year that she did not receive when the prior spousal support order was entered in the divorce decree. The amount she receives is income for purposes of spousal support, and it represents a change of circumstances for Ms. Moore. Thus, the domestic relations court erred when it failed to consider Ms. Moore's additional income as a change of circumstances

for purposes of Mr. Moore's motion to modify his monthly spousal-support obligation. Mr. Moore's first assignment of error is sustained, and this matter is remanded for further proceedings on the issue of Mr. Moore's spousal support obligation.

{¶ 14} Mr. Moore's second assignment of error is as follows:

{¶ 15} "The trial court erred and abused its discretion by finding that plaintiff/appellee has no income and by failing to establish a child support obligation for her"

{¶ 16} "It is well established that a trial court's decision regarding child-support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Dreher v. Stevens*, Defiance App. No. 4–05–20, 2006-Ohio-351, 2006 WL 213826.

{¶ 17} R.C. 3119.06 mandates a minimum child-support award of $50 per month and permits a court to order less or nothing at all only upon proof of the of the nonresidential parent's "medically verified or documented physical or mental disability or institutionalization in a facility for persons with a mental illness or any other circumstances considered appropriate by the court."

{¶ 18} The trial court overruled Mr. Moore's motion to impose a child-support obligation upon Ms. Moore. While the court found that Ms. Moore did not intentionally cause her termination at Stein Mart but rather was unable to perform her job functions because of her mental health problems, it did not specifically address the proof required by R.C. 3119.06 or relate it to the exception to the requirement that the section imposes. Even assuming that the standard was satisfied, the fact remains that Ms. Moore now has $22,470 additional annual income from which she can contribute to her children's needs, income unaffected by any psychiatric condition. When that is added to whatever spousal support she receives, which is now $24,000 annually, no good reason is shown to wholly relieve Ms. Moore of an obligation to pay child support in at least the minimal amount that R.C. 3119.06 requires, if not more. *See McQuinn v. McQuinn*, 110 Ohio App.3d 296, 673 N.E.2d 1384 (holding that wife's share of husband's pension had to be included in her gross income for purposes of calculating wife's child-support obligation). Mr. Moore's second assignment of error is sustained, and this matter is remanded for further proceedings on the issue of Ms. Moore's child-support obligation.

{¶ 19} The judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY, P.J. and WOLFF, J., concur.