OPINION
{¶ 1} Fonda R. Florence appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which imposed a sentence of thirty days of incarceration for civil contempt arising from her failure to pay child support. Florence was given credit for one day previously served. Florence claims that enforcement of the child support order was *Page 2 
precluded by R.C. 3119.06. For the following reasons, the judgment will be affirmed.
 {¶ 2} Florence is the mother of Brendan Florence, who is being raised by Bernice Florence, his maternal grandmother, pursuant to a legal custody order. On February 6, 2001, Bernice filed a motion to establish child support. After a hearing, the trial court found that Florence's last employment paid $11,544 per year, but that she had been terminated due to fighting and incapability of holding employment. The court imputed that income to Florence, and it ordered her to pay $190.15 per month in child support. The court further determined that Florence lacked assets from which child support could be paid, and it ordered her to seek work. Florence did not appeal the trial court's orders.
 {¶ 3} On September 17, 2001, the Montgomery County Department of Human Services, as assignee of Bernice, filed a motion to show cause why Florence should not be held in contempt for failure to pay any child support. After a hearing in March 2002, Florence was held in contempt. She was sentenced to thirty days in jail, which were suspended on the condition that she complete inpatient drug treatment and seek work following her completion of the program. Florence failed to purge the contempt, and she was held in contempt a second time in March 2004. Florence again received a suspended thirty-day sentence. A status review hearing in July 2004 revealed that Florence was then complying with the support order.
 {¶ 4} On May 16, 2007, the Montgomery County Child Support Enforcement Agency asked the court to impose the previously suspended jail sentence due to Florence's failure to pay child support. The agency indicated that Florence had last paid in June 2004 and that she had an arrearage in the amount of $14,095.28. At a hearing on August 8, 2007, Florence argued that she had paid $80 since the last hearing and that she should not be jailed because she is on need-based *Page 3 
assistance in the form of cash assistance for transportation and food stamps. Because the court had not received any proof that she was receiving need-based assistance or that a statute precluded the jail sentence, the trial court imposed the previously suspended thirty-day jail sentence, to begin that day. Although Florence began to serve the sentence, she was released on the same day and a review hearing was scheduled for October 17, 2007 to address the applicability of R.C.3119.06.
 {¶ 5} After the review hearing, the court determined that R.C. 3119.06
did not apply, because Florence did not have a minimum support order and she was not receiving public assistance, such as cash benefits or housing expenses. The court imposed the thirty-day jail sentence, with credit for one day served. The contempt order could be purged with a payment of $2,500.
 {¶ 6} In her sole assignment of error, Florence claims that the trial court erred in determining that R.C. 3119.06 did not apply, thus resulting in her incarceration.
 {¶ 7} R.C. 3119.06 provides:
 {¶ 8} "Except as otherwise provided in this section, in any action in which a court issues or modifies a child support order or in any other proceeding in which a court determines the amount of child support to be paid pursuant to a child support order, the court shall issue a minimum child support order requiring the obligor to pay a minimum of fifty dollars a month. The court, in its discretion and in appropriate circumstances, may issue a minimum child support order requiring the obligor to pay less than fifty dollars a month or not requiring the obligor to pay an amount for support. * * *
 {¶ 9} "If a court issues a minimum child support order pursuant to this section and the *Page 4 
obligor under the support order is the recipient of need-based public assistance, any unpaid amounts of support due under the support order shall accrue as arrearages from month to month, and the obligor's current obligation to pay the support due under the support order is suspended during any period of time that the obligor is receiving need-based public assistance and is complying with any seek work orders issued pursuant to section 3121.03 of the Revised Code. The court, obligee, and child support enforcement agency shall not enforce the obligation of the obligor to pay the amount of support due under the support order while the obligor is receiving need-based public assistance and is complying with any seek work orders issued pursuant to section 3121.03 of the Revised Code."
 {¶ 10} On appeal, Florence claims that the trial court erred by concluding that her food stamps and $38 monthly allowance check for a bus pass did not constitute need-based public assistance and that her support order was not a minimum order.
 {¶ 11} Initially, we note that the exception set forth in R.C. 3119.06
is a conjunctive test. It applies to individuals who are (1) recipients of need-based public assistance and (2) subject to a minimum child support order. We find the issue of whether Florence's support order is a minimum child support order to be dispositive.
 {¶ 12} Florence asserts that "minimum child support order" does not mean an order of fifty dollars or less. She states that, because R.C.3119.06 requires the court to issue orders of at least fifty dollars per month, "all support orders are in essence minimum support orders." She further argues: "If one were to interpret the statute as requiring only fifty-dollar orders to be subject to its provisions, then its opening sentence would limit courts to only issuing child support orders of fifty dollars." We find Florence's argument to be without merit. *Page 5 
 {¶ 13} The first paragraph of R.C. 3119.06 mandates a minimum child-support award of fifty dollars per month, and it permits a court to order a lesser support amount — or nothing at all — under specific circumstances. R.C. 3119.06; see Moore v. Moore, 166 Ohio App.3d 429,434, 2006-Ohio-1431, 850 N.E.2d 1265. The second paragraph, which is at issue in this case, discusses the enforcement of a minimum support order issued under the first paragraph of R.C. 3119.06 when the obligor is receiving need-based public assistance. We find nothing ambiguous about R.C. 3119.06's meaning. A "minimum child support order pursuant to this section" refers to a child support order of fifty dollars or less per month imposed under R.C. 3119.06.
 {¶ 14} Florence's support order requires her to pay $190.15 per month. That award was due to imputed income of $11,544 and the court's apparent belief that Florence was capable of finding employment and paying child support in an amount well above the statutory minimum of fifty dollars per month. Florence's child support order is not a minimum child support order under R.C. 3119.06. While Florence's support order may appear inconsistent with her receipt of food stamps and a monthly allowance for transportation, that inconsistency is more properly addressed by a motion to modify her support order, which Florence has filed. In the absence of a minimum support order, however, Florence may not avail herself of R.C. 3119.06 and the trial court could hold her in contempt for failure to pay.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1