[Cite as *In re B.R.*, 2019-Ohio-565.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE: B.R.

:
:
:
:     Appellate Case No. 28095
:
:     Trial Court Case No. 2011-9323
:
:     (Appeal from Common Pleas Court –
:     Juvenile Division)
:
:

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2019.

. . . . . . . . . .

AARON PAUL HARTLEY, Atty. Reg. No. 0083170, 209 East Stroop Road, Kettering, Ohio 45429
     Attorney for Appellant-Father

MOTHER, Kettering, Ohio 45429
     Appellee-Mother, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Father appeals from a judgment of the Montgomery County Common Pleas Court, Juvenile Division, which did not establish an order of support for his minor child, B.R., of whom he had legal custody. Father contends that the court abused its discretion by failing to order the child's mother to pay child support to him. For the following reasons, we conclude that the court did not abuse its discretion.

{¶ 2} Accordingly, the judgment of the juvenile court is affirmed.

## I.    Facts and Course of the Proceedings

{¶ 3} In October 2011, the Montgomery Child Support Enforcement Agency (CSEA) conducted a hearing to establish child support for B.R., a minor child who was then residing with her mother (hereinafter "Mother"). On November 16, 2011, an administrative support order was issued which required Father to pay monthly child support to Mother in the amount of $338.70. On November 18, 2011, the juvenile court filed a judgment registering and adopting the order of the CSEA.

{¶ 4} In February 2016, Father filed a motion seeking legal custody of B.R. In April 2016, the magistrate entered an interim order granting Father temporary custody of the child and suspending the collection of child support from him. A hearing was conducted in July 2016, following which the magistrate filed a decision granting legal custody of the child to Father. The decision also granted parenting time to Mother and terminated Father's child support obligation effective on the date of the filing of the

magistrate's decision in August 2016.

{¶ 5} Father filed an objection to the magistrate's decision in which he argued that his child support obligation should have been terminated retroactive to the date on which he filed for custody. Father also requested a transcript of the hearing and leave to file supplemental objections. The request for the transcript and leave to file was granted. The transcript was filed on October 28, 2016. Father filed his supplemental objections on November 3, 2016, at which time he also claimed that the magistrate erred by failing to order Mother to pay child support.

{¶ 6} On July 23, 2018, the juvenile court entered a judgment adopting the magistrate's decision granting legal custody of the child to Father and parenting time to Mother. The court modified the magistrate's order by making the termination of Father's child support obligation retroactive to the date he filed his motion for legal custody. Finally, the court stated that Father "may file a Motion to Establish Child Support with the Court at any time." Dkt. No. 8.

{¶ 7} Father appeals.

## II. Analysis

{¶ 8} The sole assignment of error asserted by Father states as follows:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING

TO ESTABLISH A CHILD SUPPORT OBLIGATION FOR DEFENDANT-

APPELLEE AND TO ORDER SUPPORT WITH AND UPON AN AWARD

OF CUSTODY OF THE MINOR CHILD TO PLAINTIFF-APPELLANT.

{¶ 9} Father contends that the juvenile court erred by failing to require Mother to

pay child support.   He cites *Kolody v. Kolody*, 110 Ohio App.3d 260, 262, 169 N.E.2d 34 (9th Dist.1960) for the proposition that, by filing a motion for custody, he invoked the court's jurisdiction to make an award for support.   He also cites *Moore v. Moore*, 166 Ohio App.3d 429, 2006-Ohio-1431, 850 N.E.2d 1265 (2d Dist.) for the proposition that "R.C. 3119.06 mandates a minimum child-support award of $50 per month and permits a court to order less or nothing at all only upon proof of the nonresidential parent's 'medically verified or documented physical or mental disability or institutionalization in a facility for persons with a mental illness or any other circumstances considered appropriate by the court.' "   *Id.* at ¶ 17.

{¶ 10} We agree that the juvenile court had jurisdiction to award support.   *See* R.C. 2151.23(B)(4).   We also agree that R.C. 3119.06 requires, with certain exceptions, the entry of a minimum child support award.   However, neither of these statutes leads us to conclude that the trial court abused its discretion in this case.

{¶ 11} A review of the record demonstrates that Father did not seek child support in any of his pleadings, nor did he ask for an award of support during the hearing on his motion for a change of custody.   A review of the transcript of the 2016 hearing before the magistrate reveals that the issue was not discussed by either party and that neither party introduced evidence regarding income.   Thus, even had Father asked for an award of support, neither the magistrate nor the juvenile court, in its consideration of the objections, had an evidentiary basis upon which to make such an award.   Although Mother testified that she was employed at the time of the hearing in 2016, there was no evidence to indicate that she was employed, or capable of employment, at the time the court ruled

upon the objections in 2018.[1]

**{¶ 12}** Juv.R. 40(D)(4)(b) provides that, upon objections to a magistrate's decision, the juvenile court may "take additional evidence, or return the matter to a magistrate." In this case, the court did neither and instead implicitly overruled Father's objection to the magistrate's decision by directing him to file a motion seeking support. We cannot say that this constituted an abuse of discretion. No matter what course of action the juvenile court decided to take, the matter would have required an additional hearing in order to introduce evidence of the parties' income. Thus, directing Father to file a motion for support, with proper service upon Mother, did not prejudice Father and led to the proper resolution of the issue.

**{¶ 13}** We conclude that Father has not demonstrated that the juvenile court abused its discretion. Accordingly, Father's assignment of error is overruled.

### III.   Conclusion

**{¶ 14}** The sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Aaron Paul Hartley

---

[1] It is not clear to us on this record why there was a nearly two-year gap between the filing of the objections and the juvenile court's resolution thereof.

Mother
Hon. Anthony Capizzi